UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

CRAIG CHARNE, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

5TH AVE POMPANO GROUP, LLC, a Florida Limited Liability
Company, d/b/a 4PLAY, and VINCENT AVERSA, individually,

    Defendants.
_____/

## **COMPLAINT**

    1.    Plaintiff, CRAIG CHARNE (hereinafter referred to as "Plaintiff"), is an individual residing in Broward County, Florida.

    2.    Defendant, 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY (hereinafter referred to "4PLAY"), is a Florida Limited Liability Company that at all times material to this Complaint has owned and operated a gentleman's club in Pompano, Florida in Broward County, within the jurisdiction of this Court.

    3.    Defendant, VINCENT AVERSA, has at all times material to this Complaint owned, managed, and/or operated 4PLAY and Defendant AVERSA regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which employees were compensated, determined how employees' hours worked were tracked or recorded, set the rates of pay employees, and/or controlled the finances and day-to-day management operations of 4PLAY. By virtue of such control and authority, Defendant AVERSA is an employer of Plaintiff and the other similarly situated non-exempt security employees within the meaning of the Fair Labor

1

Standards Act, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself[1] and other current and former employees of 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY, and VINCENT AVERSA (collectively referred to as "Defendants") similarly situated to Plaintiff for unpaid minimum and overtime wages and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

5. More specifically, this action is brought to recover from Defendants unpaid minimum and overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other similarly situated employees of Defendants.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b) and 29 U.S.C. §1337.

7. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

8. Between approximately June 2016 and September 2016, Plaintiff worked for Defendants as a non-exempt disc jockey, a/k/a "DJ," while also performing event planning duties for Defendants.

9. At all times material to this Complaint including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this

---

[1] Attached hereto is a signed Consent to Join from CRAIG CHARNE.

Complaint, 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY, has employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on commercial equipment—including but not limited to a sound system, lighting, refrigerator, freezer, and point of sale system—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with food, beverages, and alcohol—including but not limited to Heineken, Corona, Guinness, Grey Goose, Kettle One, Patron and Jose Cuervo—that were goods and/or materials moved in or produced for commerce; and (c) regularly processed electronic bank and credit card transactions for payments by and for Defendants' customers through banks and merchant services for credit card companies such as Visa, Mastercard, and American Express.

10. Based upon information and belief, the annual gross sales volume of 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017.

11. At all times material to this Complaint including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY, has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12. The additional persons who may become Plaintiffs in this action are Defendants' current and former disc jockeys and other non-exempt employees, however variously titled, who have worked for Defendants in one or more weeks between April 2014 and the present without being paid (a) at least the minimum wage required by law for every hour worked for Defendants; and/or (b) time and one-half wages for all hours worked in excess of Forty (40) hours per week for Defendants.

13. In numerous work weeks during the three (3) year statute of limitations period between approximately June 2016 and September 2016, Defendants failed to pay (a) at least the minimum wage required by law for every hour worked by Plaintiff and the other similarly situated employees while failing to comply with the requirements of the FLSA's tip credit; and (b) time and one-half of at least the minimum wage for all hours worked by Plaintiff and the other similarly situated employees.

14. More specifically, Plaintiff alleges that during the following weeks, Defendants accepted the benefits of Plaintiff's work but Defendants failed to pay Plaintiff any of his earned wages required by law as follows:

(a) June 13, 2016 through June 18, 2016, Plaintiff worked shifts of 6:30 p.m. to 2:15-2:30 a.m. and 11:30 a.m. to 7:30 p.m. for Defendants on five (5) days totaling Forty-Four and One-Half (44.5) hours without any compensation from Defendants at the rate of at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

(b) June 19, 2016 through June 25, 2016, Plaintiff worked shifts of 6:30 p.m. to 2:15-2:30 a.m., 11:30 a.m. to 7:30 p.m., and 12:00 p.m. to 3:00 p.m. for Defendants on six (6) days totaling Forty-Eight (48) hours without any compensation from Defendants at the rate of at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

(c) June 26, 2016 through July 2, 2016, Plaintiff worked shifts of 6:30 p.m. to 2:15-2:30 a.m. and 11:30 a.m. to 7:30 p.m. for Defendants on six (6) days totaling Forty-Nine and One-Half (49.5) hours without any compensation from Defendants at the rate of at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

(d) July 3, 2016 through July 9, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:00 p.m. for Defendants on six (6) days totaling Fifty-Four (54) hours without any compensation from Defendants at the rate of at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

(e) July 10, 2016 through July 16, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. for Defendants on six (6) days totaling Fifty-Four (54) hours

without any compensation from Defendants at the rate of at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

      (f) July 17, 2016 through July 23, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. for Defendants on six (6) days totaling Fifty-Four (54) hours without any compensation from Defendants at the rate of at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

      (g) July 24, 2016 through July 30, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. for Defendants on seven (7) days totaling Sixty-Three (63) hours without any compensation from Defendants at the rate of at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked; and

      (h) July 31, 2016 through August 6, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. for Defendants on seven (7) days totaling Sixty-Three (63) hours without any compensation from Defendants at the rate of at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked.

15.    In addition, Plaintiff alleges that during the following weeks, Defendants also accepted the benefits of Plaintiff's work but Defendants failed to pay Plaintiff for the full extent of his hours worked as follows:

      (a) August 7, 2016 through August 13, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. for Defendants on seven (7) days totaling Sixty-Three (63) hours but Defendants only paid Plaintiff for Forty (40) regular hours at the reduced rate of $5.03/hour, such that Defendants both shorted Plaintiff (i.e., failed to pay Plaintiff altogether) for Twenty-Three (23) hours while also failing to pay at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

      (b) August 14, 2016 through August 20, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:00 p.m. for Defendants on seven (7) days totaling Sixty-Three (63) hours but Defendants shorted Plaintiff for Sixteen and One-Half (16.5) hours while also failing to pay at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

      (c) August 21, 2016 through August 27, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. for Defendants on six (6) days totaling Fifty-Four (54) hours but Defendants shorted Plaintiff for Ten (10) hours while also failing to pay at least

the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

(d) August 28, 2016 through September 3, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. for Defendants on seven (7) days totaling Sixty-Three (63) hours but Defendants shorted Plaintiff for Sixteen and One-Half (16.5) hours while also failing to pay at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked;

(e) September 4, 2016 through September 10, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. and 11:30 a.m. to 10:00 p.m. for Defendants on five (5) days totaling Forty-Five and One-Half (45.5) hours but Defendants shorted Plaintiff for Ten (10) hours while also failing to pay at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked; and

(f) September 11, 2016 through September 17, 2016, Plaintiff worked shifts of 11:30 a.m. to 7:30 p.m. for Defendants on three (3) days totaling Twenty-Five and One-Half (25.5) hours but Defendants shorted Plaintiff for Eleven (11) hours while also failing to pay at least the federal minimum wage of $7.25/hour or time and one-half wages at the rate of $10.88/hour for all of his actual overtime hours worked.

16. In numerous work weeks during the three (3) year statute of limitations period between April 2014 and the present, Plaintiff alleges that Defendants failed to pay (a) at least the minimum wage required by law for every hour worked by Plaintiff and the other similarly situated employees; and (b) time and one-half of at least the minimum wage for all hours worked by Plaintiff and the other similarly situated employees during numerous work weeks within the three (3) year statute of limitations period as a result of Defendants' unlawful policies and/or practices of (i) paying Plaintiff and the other similarly situated employees based upon a reduced hourly rate despite Defendants failing to comply with the requirements of the FLSA's tip credit; (ii) shorting hours (i.e., failing to pay for the full extent of all actual hours worked; and (iii) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other similarly situated non-exempt employees.

17. Despite the record keeping requirements of the FLSA, 29 C.F.R. §516.2 & §516.6, Plaintiff alleges that Defendants have failed to maintain records of the all of the actual start times, actual stop times, actual hours worked each day, and total hours actually worked each week by Plaintiff and the other similarly situated employees for Defendants for each and every work week during the statute of limitations period between April 2014 and the present.

18. At all times material to this Complaint, Defendants have had knowledge of the hours worked each week by Plaintiff and the other similarly situated employees for the benefit of Defendants between April 2014 and the present, but Defendants nonetheless willfully failed to pay the minimum wages and overtime compensation required by law, as Defendants instead accepted the benefits of the work performed by Plaintiff and other non-exempt employees without the minimum wage and overtime compensation required by law.

19. The complete records of the wages actually paid by Defendants to Plaintiff and the other similarly situated employees between April 2014 and the present are in the possession, custody, and/or control of Defendants.

20. Beginning in approximately mid-July 2016 and on multiple occasions through September 2016 Plaintiff complained to Defendants' General Manager, Sean Wright, Manager, Jonathan Gonzalez, and to Defendant AVERSA, about Defendants' failure to pay Plaintiff all of his earned wages and Defendants' failure to pay the minimum and overtime wages required by law.

21. In retaliation for Plaintiff's complaints about Defendants' illegal compensation practice, Defendants began subjecting Plaintiff to disparate treatment including but not limited to "suspending" Plaintiff and subsequently terminating Plaintiff's employment in September 2016.

22. The reasons proffered by Defendants for Plaintiff's termination were false and

known to be false by Defendants at the time of Plaintiff's termination.

## COUNT I
## MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, CRAIG CHARNE, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

23. Plaintiff is entitled to the minimum wage required by law per hour for every hour he worked for Defendants each week within the three (3) year statute of limitations period between approximately June 2016 and September 2016.

24. However, Defendants failed to pay Plaintiff at least the minimum wage for each and every hour Plaintiff worked for Defendants between June 2016 and September 2016. More specifically, Plaintiff alleges—subject to discovery—that Defendants owe him unpaid minimum wages in the total amount of **$4,221.11** as follows:

> (a) $3,748.25 for the hours Plaintiff worked which Defendants failed to pay Plaintiff completely:
> > (i) $322.63 from the Forty-Four and One-Half (44.5) hours Plaintiff worked between June 13, 2016 and June 18, 2016 without any compensation [$7.25/hour x 44.5 hours = $322.63];
> > (ii) $348.00 from the Forty-Eight (48) hours Plaintiff worked between June 19, 2016 and June 25, 2016 without any compensation [$7.25/hour x 48 hours = $348.00];
> > (iii) $358.88 from the Forty-Nine and One-Half (49.5) hours Plaintiff worked between June 26, 2016 and July 2, 2016 without any compensation [$7.25/hour x 49.5 hours = $358.88];
> > (iv) $391.50 from the Fifty-Four (54) hours Plaintiff worked between July 3, 2016 and July 9, 2016 without any compensation [$7.25/hour x 54 hours = $391.50];
> > (v) $391.50 from the Fifty-Four (54) hours Plaintiff worked between July 10, 2016 and July 16, 2016 without any compensation;
> > (vi) $391.50 from the Fifty-Four (54) hours Plaintiff worked between July 17, 2016 and July 23, 2016 without any compensation;
> > (vii) $456.75 from the Sixty-Three (63) hours Plaintiff worked between July 24, 2016 and July 30, 2016 without any compensation [$7.25/hour x 63 hours = $456.75];
> > (viii) $456.75 from the Sixty-Three (63) hours Plaintiff worked between July 31, 2016 and August 6, 2016 without any compensation;

(ix) $166.75 from the Twenty-Three (23) hours Plaintiff worked between August 7, 2016 and August 13, 2016 without any compensation [$7.25/hour x 23 hours = $166.75];

(x) $119.63 from the Sixteen and One-Half (16.5) hours Plaintiff worked between August 14, 2016 and August 20, 2016 without any compensation [$7.25/hour x 16.5 hours = $119.63];

(xi) $72.50 from the Ten (10) hours Plaintiff worked between August 21, 2016 and August 27, 2016 without any compensation [$7.25/hour x 10 hours = $72.50];

(xii) $119.63 from the Sixteen and One-Half (16.5) hours Plaintiff worked between August 28, 2016 and September 3, 2016 without any compensation;

(xiii) $72.50 from the Ten (10) hours Plaintiff worked between September 4, 2016 and September 10, 2016 without any compensation; and

(xix) $79.75 from the Eleven (11) hours Plaintiff worked between September 11, 2016 and September 17, 2016 without any compensation [$7.25/hour x 11 hours = $79.75].

(b) $472.86 for the rate differential owed as a result of Defendants' payment of 164 hours during August 2016 at the reduced rate of $5.03/hour despite Defendants' failure to comply with the FLSA's tip credit requirements [164 hours x $2.22/hour ($7.25-$5.03 = $2.22/hour) = $364.08] and Defendants' payment of 49 hours during September 2016 at $5.03/hour [49 hours x $2.22/hour = $108.78].

25. All of Defendants' disc jockeys and other similarly situated non-exempt employees, however variously titled, of Defendants are also entitled to be paid time at least the minimum wage required by law for every hour they have worked for Defendants within the three (3) year statute of limitations period between April 2014 and the present.

26. At all times material to this Complaint, Defendants had knowledge that Plaintiff and other non-exempt employees were performing work for the benefit of Defendants during numerous work weeks within the three (3) year statute of limitations period between April 2014 and the present without compensation at the minimum wage required by law.

27. Defendants have knowingly and willfully failed to pay Plaintiff and the other similarly situated non-exempt employees at least the minimum wage required by law for all of their actual hours worked for Defendants during each week within the statute of limitations period

between April 2014 and the present.

28. By reason of Defendants' intentional, willful and unlawful act, all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

29. Defendants did not have a good faith basis for their failure to pay at least minimum wage required by law for all of the actual hours worked by Plaintiff and Defendants' other non-exempt employees, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid minimum wages from Defendants pursuant to 29 U.S.C. §216(b).

30. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

WHEREFORE, Plaintiff, CRAIG CHARNE, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY, and VINCENT AVERSA, for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **COUNT II**
## **OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiff, CRAIG CHARNE, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

31. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay, of no less than the minimum wage required by law, for each hour he worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period

between approximately June 2016 and September 2016. In this regard, Plaintiff's unpaid overtime wages overall total $730.06 as follows:

(a) $675.18 for the following overtime hours Plaintiff worked for Defendants:

(i) $16.34 from the Four and One-Half (4.5) overtime hours Plaintiff worked between June 13, 2016 and June 18, 2016 [$10.88 - $7.25/hour = $3.63/hour x 4.5 OT hours = $16.34];

(ii) $29.04 from the Eight (8) overtime hours Plaintiff worked between June 19, 2016 and June 25, 2016 [$3.63/hour x 4.5 OT hours = $29.04];

(iii) $34.49 from the Nine and One-Half (9.5) overtime hours Plaintiff worked between June 26, 2016 and July 2, 2016 [$3.63/hour x 9.5 OT hours = $34.49];

(iv) $50.82 from the Fourteen (14) overtime hours Plaintiff worked between July 3, 2016 and July 9, 2016 [$3.63/hour x 14 OT hours = $50.82]

(v) $50.82 from the Fourteen (14) overtime hours Plaintiff worked between July 10, 2016 and July 16, 2016;

(vi) $50.82 from the Fourteen (14) overtime hours Plaintiff worked between July 17, 2016 and July 23, 2016;

(vii) $83.49 from the Twenty-Three (23) overtime hours Plaintiff worked between July 24, 2016 and July 30, 2016 [$3.63/hour x 23 OT hours = $83.49];

(viii) $83.49 from the Twenty-Three (23) overtime hours Plaintiff worked between July 31, 2016 and August 6, 2016;

(ix) $83.49 from the Twenty-Three (23) overtime hours Plaintiff worked between August 7, 2016 and August 13, 2016;

(x) $59.90 from the Sixteen and One-Half (16.5) overtime hours Plaintiff worked between August 14, 2016 and August 20, 2016 [$3.63/hour x 16.5 OT hours = $59.90];

(xi) $36.30 from the Ten (10) overtime hours Plaintiff worked between August 21, 2016 and August 27, 2016 [$3.63/hour x 10 OT hours = $72.50];

(xii) $59.90 from the Sixteen and One-Half (16.5) overtime hours Plaintiff worked between August 28, 2016 and September 3, 2016; and

(xiii) $36.30 from the Ten (10) overtime hours Plaintiff worked between September 4, 2016 and September 10, 2016 without any compensation.

(b) $54.88 for the rate differential owed as a result of Defendants' payment of 8 overtime hours during August 2016 at the reduced rate of $4.02/hour despite Defendants' failure to comply with the FLSA's tip credit requirements [8 OT hours x $6.86 /hour ($10.88-$4.02 = $6.86/hour) = $54.88].

32. All similarly situated non-exempt employees, however variously titled, of Defendants are also entitled to be paid time and one-half wages for all of their hours worked in excess of Forty (40) hours per week for Defendants within the three (3) year statute of limitations period between April 2014 and the present.

33. Defendants have knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between April 2014 and the present.

34. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and the other similarly situated non-exempt employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between April 2014 and the present based upon, *inter alia*: (a) Defendants failing to track and record the start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other employees; and (b) Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees, however variously titled.

35. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

36. Defendants did not have a good faith basis for their failure to pay the overtime wages required by law for all of the actual hours worked by Plaintiff and Defendants' other non-exempt employees in excess of Forty (40) hours per week in numerous work weeks between April

2014 and the present, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid overtime wages from Defendants pursuant to 29 U.S.C. §216(b).

37. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

WHEREFORE, Plaintiff, CRAIG CHARNE, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY, and VINCENT AVERSA, for the payment of all unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT III
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, CRAIG CHARNE, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

38. Beginning in approximately mid-July 2016 and on multiple occasions through September 2016, Plaintiff complained to Defendants that Plaintiff had not been at all for numerous weeks of work, had been shorted hours, and was not being paid minimum and overtime wages required by law.

39. In retaliation for Plaintiff's complaints about Defendants' illegal compensation practices, Defendants began subjecting Plaintiff to disparate treatment and ultimately terminated Plaintiff's employment in September 2016.

40. The reasons proffered by Defendants for Plaintiff's termination were false and known to be false by Defendants at the time of Plaintiff's termination.

41. When Plaintiff made good faith complaints to Defendants between approximately mid-July 2016 and September 2016 about not being paid all of his earned wages for the full extent of his actual hours worked, Plaintiff engaged in activity protected by the Fair Labor Standards Act, 29 U.S.C. §215.

42. Defendant AVERSA and management employees of 4PLAY undertook retaliatory actions against Plaintiff, including ultimately terminating Plaintiff's employment in September 2016, and a motivating factor behind Defendants' retaliation was Plaintiff's pursuit of the earned wages he believed in good faith were due and owing from Defendants, in violation of 29 U.S.C. §215(a)(3).

43. Defendants' violations of 29 U.S.C. §215(a)(3) were intentional and done with malice and reckless disregard for Plaintiff's rights under the FLSA.

44. Plaintiff has suffered lost wages and damages as a direct result of Defendants' violations of 29 U.S.C. §215(a)(3).

45. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs from Defendants.

WHEREFORE, Plaintiff, CRAIG CHARNE, demands judgment against Defendants, jointly and severally, Defendants, 5TH AVE POMPANO GROUP, LLC, d/b/a 4PLAY, and VINCENT AVERSA, for back pay, employment benefits, compensatory damages including, but not limited to, damages for intangible injuries, punitive damages, equitable relief including but limited to reinstatement or front pay, injunctive relief, interest, attorneys' fees, costs, and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  April 19, 2017                              Respectfully submitted,

                                          By:    **s/KEITH M. STERN**
                                                        Keith M. Stern, Esquire
                                                        Florida Bar No. 321000
                                                        E-mail:  employlaw@keithstern.com
                                                        Hazel Solis Rojas, Esquire
                                                        Florida Bar No. 91663
                                                        E-mail:  hsolis@workingforyou.com
                                                        LAW OFFICE OF KEITH M. STERN, P.A.
                                                        One Flagler
                                                        14 NE 1st Avenue, Suite 800
                                                        Miami, Florida 33132
                                                        Telephone:  (305) 901-1379
                                                        Facsimile:  (561) 288-9031
                                                        Attorneys for Plaintiff

## CONSENT TO JOIN FORM

    1.    I consent to be a party plaintiff in a lawsuit against Defendant(s), **5th Ave Pompano Group, LLC, d/b/a 4Play**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq*.

    2.    I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

    3.    I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_Craig Chane_
Printed Name

_[signature]_
Signature